IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLYMER ADVANCED TECHNOLOGIES, LLC,

       Plaintiff,     Case No. 3:06 CV 2370

 -vs-

                MEMORANDUM OPINION

ANZ ADVANCED TECHNOLOGIES, LLC,

       Defendant.

KATZ, J.

   This matter involves Plaintiff Clymer Advanced Technologies, LLC's ("CAT") claims for breach of contract, conversion, unjust enrichment, fraud, and breach of fiduciary duty against Irfan K. Sheriff and his numerous business entities. Sheriff and his business entities are all named as Defendants. The matter is currently before the Court as a result of Defendants' failure to satisfy the Court's February 2, 2012 order, (Doc. 113), which required Defendants to show cause why the Court should not render judgment against them on CAT's complaint, and why the Court should not dismiss their counterclaim.

   In light of Defendants' failure to satisfy the February 2 order, and for the reasons stated herein, the Court will dismiss Defendants' counterclaim, will render judgment against Defendants on CAT's complaint, and will award CAT compensatory damages, punitive damages, and attorney fees.

**I. Background**

   This case was initiated in September 2006 with the filing of CAT's complaint. CAT filed an amended complaint in April 2007, and one month later Defendants counterclaimed for breach of contract, unjust enrichment, promissory estoppel, and an accounting.

On December 13, 2011, this Court granted the law firm of Eastman and Smith ("E&S") leave to withdraw as counsel for Defendants because of Defendants' repeated failure to communicate with E&S about this and other matters.[1] (Doc. 111). In granting E&S's motion to withdraw, the Court gave Defendants forty-five days to obtain new counsel. *Id*. On February 2, 2012, after Defendants' failed to file anything in response to the December 13 order, the Court ordered Defendants to show cause why judgment should not be rendered against them on CAT's complaint, and why the Court should not dismiss Defendants' counterclaim. Defendants again filed nothing. CAT subsequently filed a memorandum that details the facts and explains why it is entitled to judgment. (Doc. 118). As evidentiary support, CAT attached to its memorandum the affidavit of CAT's principal, Larry Clymer, which details the contracts at issue, the nature of Defendants' alleged breach, and the nature of Defendants' alleged fraud, conversion, unjust enrichment, and breaches of fiduciary duty. (Doc. 118-1).

Because Defendants give no opposition, and because respected, responsible attorneys represent CAT, the Court accepts CAT's representations in the instant matter. The Court does so noting that Defendants were previously represented by equally respected, responsible attorneys who were forced to withdraw as a result of their clients' lack of cooperation, despite months–leading to years–of opportunity afforded Defendants to cooperate.

**II. Damages**

---

[1] Mr. Sheriff is also a party and material witness in multiple civil and criminal proceedings pending in India, and Mr. Sheriff has continually failed to communicate with E&S regarding the status of those proceedings. (Doc. 109-1 at 2).

First, the Court will award CAT $1,236,776.63 in compensatory damages.  The Court makes the following findings of fact, which yield the total amount of compensatory damages to which CAT is entitled:

- Defendants breached importation contracts it entered with CAT by, *inter alia*, fraudulently inducing CAT to finance the manufacture of goods that Defendants had not pre-sold, a violation of the contracts' pre-sale requirements.  Defendants' conduct damaged CAT in an amount no less than $141,429.78.

- Defendants entered tooling and machinery contracts with CAT whereby CAT purchased one-half of the tooling and machinery Defendants needed to make goods in India.  In exchange for CAT's investment, Defendants were to share half of the profits with CAT.  Defendants breached this agreement by failing to give CAT its share of the profits, and by failing to reimburse CAT for the tooling and machinery.  Defendants conduct damaged CAT in an amount no less than $81,862.50 in tooling and $385,850 in machinery.

- Defendant Sheriff breached an indemnification contract he entered with CAT by drawing $400,000 in funds for personal use from a line of credit to be used for financing goods.  CAT was forced to repay the amounts withdrawn by Sheriff, plus interest, which damaged CAT in an amount no less than $627,634.35.

Second, the Court will award CAT $615,000 in punitive damages.  Pursuant to OHIO REV. CODE § 2315.21(B)(3), and as detailed above, the Court has made findings of fact that specify the total amount of compensatory damages to which CAT is entitled.  Further, the Court finds that CAT has presented clear and convincing evidence that Defendants' conduct constitutes malice, and aggravated and egregious fraud as defined by OHIO REV. CODE § 2315.21(C).  The Court so finds both as to Defendants' intentional torts, and as to its breaches of contract, and further finds that Defendants' intentional torts were committed in connection with its breaches of contract.  *See Burns v. Prudential Sec., Inc.*, 857 N.E.2d 621, 646 (Ohio 2006) (internal citations omitted) (punitive damages not recoverable in Ohio for breach of contract except where "the facts of the

case show an intentional tort [was] committed independently, but in connection with a breach of contract . . . .").

Finally, in light of the bad faith demonstrated on the part of Defendants, the Court will award CAT $102,707.56 in attorney fees. *See Wilborn v. Bank One Corp.*, 906 N.E.2d 396, 400 (Ohio 2009) (citations omitted) ("Attorney fees may be awarded . . . when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant."). CAT has submitted the affidavit of one of its attorneys attesting to the reasonableness and necessity of fees, and has also submitted a detailed itemization of its fees and costs. (Doc. 119).

**III. Conclusion**

For the reasons stated herein, the Court dismisses Defendants' counterclaim, (Doc. 43), renders judgment against Defendants on CAT's amended complaint, (Doc. 37), and awards CAT $1,236,776.63 in compensatory damages, $615,000 in punitive damages, and $102,707.56 in attorney fees.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE